# STRAFFORD,

## JULY TERM, A. D. 1847.

## ARLEN v. THE STATE.

Where one count in an indictment is good, and another is defective, and there is a general verdict, judgment may be rendered on the good count; and if a general judgment is rendered on the verdict, unless there is some matter of aggravation alleged in the defective count, which may be supposed to have influenced the judgment and sentence, there is no error in the judgment.

ERROR. The plaintiff in error was indicted for larceny. The first count in the indictment alleged that the plaintiff in error, on the 18th of June, 1846, stole " one bank bill for the payment of $5, and of the value of $5; one other bank bill, for the payment of $20, and of the value of $20; fourteen other bank bills, for the payment of $10 each; all of the said last named bank bills of the value of $140, and all of said several bank bills being of the value of $175, of the property, goods and chattels of one Robert Newbegin."

A second count set forth that the plaintiff in error, on the 18th of June aforesaid, stole " sundry other bank bills, amounting together to the sum of $175, of the property, goods and chattels of one Robert Newbegin."

Having been convicted and sentenced, he brought this writ of error, assigning for error, among other things, that the indictment is bad for want of certainty in the description of the property alleged to have been stolen.

*W. A. Marston,* for the attorney-general. 1. Where written instruments, or bank bills, are made the subject

of larceny, it is not necessary that the indictment should set them out *verbatim.* Describing them in a general manner is sufficient. See *Hamblett* v. *The State, ante,* 384, and cases cited.

2. When an indictment contains two or more counts — one good, the other defective or bad — it is sufficient to sustain a general verdict of guilty. *Regina* v. *Ingram,* 1 Salk. 384; *Grant* v. *Astle,* 2 Doug. 730; *People* v. *Curling,* 1 Johns. 320; *People* v. *Willey,* 3 Hill 194; *People* v. *Alcott,* 2 Johns. Cas. 311; *Brown* v. *Commonwealth,* 8 Mass. 64; *Jennings* v. *Commonwealth,* 17 Pick. 80; *Joslyn* v. *Commonwealth,* 6 Met. 236; 1 Chitty Cr. Law 250; *Kane* v. *The People,* 3 Wend. 365.

*Hale,* for the plaintiff in error. The second count in the indictment is bad. Whether one good count is sufficient to sustain the conviction, is an open question here. In civil cases, if one count is defective the judgment cannot stand. *Parsons* v. *Bellows,* 6 N. H. Rep. 289.

*The Queen* v. *O'Connell,* 11 Clark & Finelly 155, seems to be direct to the point that a conviction cannot be sustained if one count is bad.

PARKER, C. J. We are of opinion that where one count in an indictment is good, and another is defective, and there is a general verdict, judgment may be rendered on the good count. And if a general judgment is rendered on the verdict, unless there is some matter of aggravation alleged in the defective count which may be supposed to have influenced the judgment and sentence, there is no error in the judgment.

In this case the difference between the counts is merely formal, the defective count being not sufficiently specific in its allegations. It could not, therefore, have had any unwarrantable effect, either upon the verdict or the judgment.

Arlen *v.* The State.

If a similar rule existed in relation to civil cases, perhaps a greater measure of justice would be attained.

Our decision in this case, affirming the judgment of the court below, is in accordance with the general current of the authorities. The principle, as we have stated it, may be somewhat more qualified than that stated in some of them, and is, perhaps, not at variance with the opinions of the majority of the law lords, in *O' Connell* v. *The Queen*, 11 Clark & Finelly 155. Were it otherwise, however, we should not pause upon that case as an adverse authority. It is certainly a very remarkable case. The abstract in reference to this subject is, " A general judgment for the crown, on an indictment containing several counts, one of which is bad, and where the punishment is not fixed by law, cannot be supported." It is a fair inference, perhaps, from this, that if the punishment were fixed by law, so that it could not have been affected by the bad counts, the judgment might have been sustained. If so, it may well be supposed that if there had been no difference between the bad and the good counts which could have influenced the judgment, the majority in the House of Lords would have concurred in the opinions of the minority, in sustaining the judgment.

However that may be, we cannot say that, as a matter of authority, the opinion of the three law lords, who gave the judgment of the House of Lords, against the cogent dissent of the chancellor (Lord *Lyndhurst*), and of Lord *Brougham*, and against the great majority of the judges in England and Ireland, outweighs the adverse opinions. If we were required to choose, we might be pardoned if we preferred the opinion of the majority of the judges, as delivered by Mr. Chief Justice *Tindall*, to the reasons given for the ultimate judgment in the House of Lords.

*Judgment affirmed.*